

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0155-21

**PEDRO PABLO PENA, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### MCLENNAN COUNTY

**WALKER, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

Pedro Pablo Pena, Jr., Appellant, was charged with two counts of aggravated assault committed against James Hernandez and Cody Hightower, respectively. Although the jury charge included instructions on self-defense, during the charge conference Appellant objected to the lack of jury instructions on multiple assailants. The trial court overruled Appellant's objection, and the court of appeals affirmed, believing that the self-defense charge's use of "JAMES HERNANDEZ and/or CODY HIGHTOWER" was sufficient to cover multiple assailants.

Simply saying "James Hernandez and/or Cody Hightower" in the self-defense instruction does

not accurately state the law of multiple assailants. The law of multiple assailants allows use of force against a person not himself using force, so long as that person was party to the assault by encouraging, aiding, or advising those who were using force. The regular self-defense instructions did not tell the jury that Appellant could use force against Hernandez where Hightower was using unlawful force and Hernandez was not, so long as Hernandez was encouraging, aiding, or advising Hightower. The self-defense instructions, using "and/or", would allow use of force against Hernandez even if Hernandez was not even involved.

The court of appeals had it wrong, and I would grant the petition. I respectfully dissent to the Court's decision to refuse review.

### I — Multiple Assailants

Just last year in *Jordan v. State*, we reiterated the law of self-defense against multiple assailants:

> When the evidence viewed from the defendant's standpoint shows an attack or threatened attack by more than one assailant, the defendant is entitled to a multiple assailants instruction. *Frank v. State*, 688 S.W.2d 863, 868 (Tex. Crim. App. 1985). The issue may be raised even as to those who are not themselves aggressors as long as they seem to be in any way encouraging, aiding, or advising the aggressor. *Black v. State*, 65 Tex. Crim. 336, 145 S.W. 944, 947 (Tex. Crim. App. 1912); see also *Petty v. State*, 126 Tex. Crim. 185, 70 S.W.2d 718, 719 (Tex. Crim. App. 1934) (evidence viewed from defendant's standpoint showed danger of attack or threatened attack by more than one assailant, and the jury should have been instructed that he had the right to defend against either or all of them); *Cartwright v. State*, 16 Tex. Ct. App. 473, 487–88 (1884) (error for the jury charge to restrict self-defense to the victim when evidence showed that two others appeared to be acting with the victim).

> In *Sanders v. State*, 632 S.W.2d 346 (Tex. Crim. App. 1982), Sanders was hit in the head with a pool cue and chased into the parking lot by several men who were yelling racial epithets at him. He fired three shots in their direction, killing one of them. *Id.* at 346. Sanders was entitled to a multiple assailants instruction even though the deceased had not personally attacked him. *Id.* at 348. Thus, "multiple assailants" does not require evidence that each person defended against was an aggressor in his own

right; it requires evidence that the defendant had a reasonable fear of serious bodily injury from a group of people acting together.

*Jordan v. State*, 593 S.W.3d 340, 343–44 (Tex. Crim. App. 2020).

Here, there was no dispute that multiple assailants was an issue for the jury to resolve, and there is no question that multiple assailants instructions were not given to the jury. The issue is whether the regular self-defense instruction was also effectively a multiple assailants instruction through its use of "JAMES HERNANDEZ and/or CODY HIGHTOWER".

## II — The Self-Defense Instruction . . .

The instructions given to the jury in Appellant's case stated:

SELF DEFENSE AS TO COUNT I

The following instructions regarding self-defense apply only to Count I and do not apply to Count II.[1]

If you all agree the State has proved, beyond a reasonable doubt, each of the elements listed in Counts I of the indictment, you must next consider whether the defendant's use of force was made in self-defense.

A person's use of deadly force against another that would otherwise constitute the crime of Aggravated Assault is not a criminal offense if he reasonably believed the force used was immediately necessary to protect himself or another person against the other's use or attempted use of unlawful deadly force.

A person's use of deadly force against another that would otherwise constitute the crime of Aggravated Assault is not a criminal offense if he reasonably believed the force used was immediately necessary to prevent the other's imminent commission of murder.

A person commits murder if he intentionally or knowingly causes the death of another person.

---

[1] Count I charged Appellant with aggravated assault by causing bodily injury to Hernandez with a deadly weapon. Count II charged Appellant with aggravated assault by threatening Hightower with a deadly weapon.

## PRESUMPTION

Under certain circumstances, the law creates a presumption that the defendant's belief- that the deadly force he used was immediately necessary- was reasonable. A presumption is a conclusion the law requires you to reach if certain other facts exist.

Therefore, you must find the defendant's belief- that the deadly force he used was immediately necessary- was reasonable unless you find the State has proved, beyond a reasonable doubt, that the defendant neither knew nor had reason to believe that JAMES HERNANDEZ and/or CODY HIGHTOWER were committing or attempting to commit murder.

With regard to the presumption of the necessity of deadly force, you are further instructed that the presumption applies unless the State proves beyond a reasonable doubt that the facts giving rise to the presumption do not exist. If the State fails to prove beyond a reasonable doubt the facts giving rise to the presumption do not exist, the jury must find that the presumed fact exists, even though the jury may find that the presumed fact does not exist, the State must prove beyond a reasonable doubt each of the elements of the offense charged: and if the jury has a reasonable doubt as to whether the presumed fact exists, the presumption applies and the jury must consider the presumed fact to exist.

A person who has a right to be present at the location where the deadly force is used, who has not provoked the person against whom the deadly force is used, and who is not engaged in criminal activity at the time the deadly force is used is not required to retreat before using deadly force. You are not to consider whether the defendant failed to retreat.

You have heard evidence that when the Defendant used deadly force against JAMES HERNANDEZ and/ or CODY HIGHTOWER he reasonably believed his use of deadly force was necessary to defend himself and/or Lazaro Pena, the Defendant's brother, from being murdered by James Hernandez and/ or Cody Hightower.

. . .

If you have found that the State has proved the offense beyond a reasonable doubt, you must next decide whether the State has proved that the Defendant's conduct was not justified by self-defense.

To decide the issue of self-defense, you must determine whether the State has proved, beyond a reasonable doubt, one of the following:

1. The Defendant did not believe his conduct was immediately necessary to protect himself and/or Lazaro Pena against JAMES HERNANDEZ and/or CODY HIGHTOWER's use or attempted use of unlawful deadly force; or to prevent JAMES HERNANDEZ and/or CODY HIGHTOWER's imminent commission or attempted commission of murder.

2. The Defendant's belief was not reasonable.

You must all agree that the State has proved, beyond a reasonable doubt, either element 1 or 2 listed above. You need not agree on which of these elements the State has proven.

If you find that the State has failed to prove, beyond a reasonable doubt, either element 1 or 2 listed above, you must find the Defendant "not guilty".

If you all agree the State has proved, beyond a reasonable doubt, each of the elements of the offense of Aggravated Assault, and you all agree the State has proved, beyond a reasonable doubt, either element 1 or 2 listed above, you must find the Defendant "guilty."[2]

### III — . . . Does Not Correctly State Multiple Assailants Law

As discussed above, in a multiple assailants situation, a defendant may use force against any member of the group of assailants, even if that member was not himself using any force but was only encouraging, aiding, or advising those who were using force. *Jordan*, 593 S.W.3d at 343.

Accordingly, to be correct, the instructions should have told the jury that it must acquit if it found Appellant used force against Hernandez, even though Hernandez was not himself using unlawful force, so long as Hernandez was encouraging, aiding, or advising Hightower.

Although the self-defense charge as given does raise the idea of multiple assailants, the charge does not tell the jury anything about encouraging, aiding, or advising. Instead, the instruction's use of "and/or" in what is otherwise a regular self-defense instruction can lead to the opposite. It is entirely possible, from the instructions given, for the jury to conclude that Appellant committed

---

[2] Clerk's R. 98–101.

aggravated assault against Hernandez, that he also believed the aggravated assault against Hernandez was immediately necessary to protect against Hightower's use or attempted use of unlawful force, and that this belief was reasonable. As quoted above, the instructions required the jury to find Appellant's belief to be reasonable if the State failed to disprove that he knew nor had reason to believe that Hernandez, Hightower, or both were committing or attempting to commit murder. The belief could be based upon Hightower alone.

If the jury found that Appellant committed aggravated assault against Hernandez but believed that the assault was immediately necessary to protect against Hightower's use or attempted use of unlawful force, the instructions tell the jury to find Appellant "not guilty." The instructions contain no requirement that Hernandez and Hightower were acting together and that, when Appellant used force against Hernandez, that Hernandez was encouraging, aiding, or advising Hightower's use or attempted use of unlawful force. The instructions given would require the jury to acquit if it found that Appellant committed aggravated assault against Hernandez, based on his beliefs about Hightower and Hightower alone. This completely misses the point of *multiple assailants*, and would allow force against a complete bystander.[3]

### III — Conclusion

The self-defense instruction did not accurately state the law as to multiple assailants. The use of "and/or" in a regular self-defense instruction does not tell the jury that a defendant may use force against a member of a group of assailants, even if that member was not any force at all, so long as he was encouraging, aiding, or advising other who were. Instead, it has the perverse potential to allow force against someone who is not a member of the group of assailants at all. The court of appeals

---

[3] It would also seem to completely miss the point of self-defense.

should have caught this but failed do so. Review is warranted, and I respectfully dissent to the

Court's decision to refuse Appellant's petition.


Filed: June 30, 2021
Publish